```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JOSE MUYET,<br><br>                    Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 01 Civ. 9371(LAP)<br>95 Cr. 941 (LAP)<br><br>OPINION & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Petitioner Jose Muyet's ("Petitioner") motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, based on United States v. Davis, 139 S. Ct. 2319 (2019).[1] The Government opposes the motion.[2] For the reasons set forth below, Petitioner's § 2255 motion is denied.

---

[1] (See Mem. of Law in Support of Mot. to Vacate Pursuant to 28 U.S.C. § 2255 ("Pet. Mot."), Dated Nov. 12, 2020 [Dkt. No. 64]; Reply Mem. Of Law in Support of Mot. To Vacate Pursuant to 28 U.S.C. § 2255 ("Pet. Reply"), Dated Jan. 18, 2021 [Dkt. No. 68]; Supp. Mem. of Law in Support of Mot. to Vacate Pursuant to 28 U.S.C. § 2255, Dated July 30, 2021 [Dkt. No. 74]. Unless otherwise stated, all citations refer to 01-cv-9371.)
[2] (See Mem. of Law of the United States of America in Opp. to Pet. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentenc ("Gov't. Opp."), Dated Dec. 28, 2020 [Dkt. No. 65]; Letter addressed to Judge Loretta A. Preska from AUSA Lara Pomerantz, Dated March 22, 2021 [Dkt. No. 71]; Letter addressed to Judge Loretta A. Preska from AUSA Lara Pomerantz, Dated September 27, 2021 [Dkt. No. 77].)

I.  **Background**

   a. **The Indictment**

On November 12, 1996, Petitioner was charged in a Superseding Indictment, with various racketeering, narcotics, and firearms offenses arising out of his participation in a racketeering enterprise referred to in the Indictment as the "Nasty Boys."[3] Count 1 of the Indictment charged Petitioner with participating in the conduct of the affairs of the racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). (See Indictment at 4.) Count 1 detailed fifteen racketeering acts, including eleven murders, numerous conspiracies to murder and attempted murders, and conspiracy to distribute narcotics, including heroin and crack cocaine. (See id. at 5-17.) Count 2 charged Petitioner with conspiring to conduct and participate in the affairs of the same racketeering enterprise, in violation of 18 U.S.C. § 1962(d). (See id. at 17.) Counts 3 through 29 charged Petitioner with violent crimes in aid of racketeering ("VICAR") in violation of 18 U.S.C. § 1959. (See id. at 18-39.) Count 30 charged Petitioner with conspiring to distribute heroin and crack cocaine in violation of 21 U.S.C. § 846. (See id. at 39-

---

[3] (See Superseding Indictment (the "Indictment"), dated November 12, 1996 [95-cr-941, dkt. no. 141].)

2

42.) Lastly, counts 31-43 charged Petitioner with firearms offenses in violation of 18 U.S.C. § 924(c). (See id. at 43-49.)

### b. Trial and Sentencing

Trial before Judge Leisure commenced on November 4, 1996, and ended on April 10, 1997, when a jury convicted Petitioner of all counts in which he was named except for one § 924(c) count, of which he was acquitted (Count 36). Muyet v. United States, No. 01 Civ. 9371 (PKL), 2004 WL 1746369, at *1 (S.D.N.Y. Aug. 3, 2004). The predicate crimes of violence underlying the § 924(c) convictions included participating in a conspiracy to murder, murder, and/or attempted murder.[4] On July 22, 1988, Judge Leisure sentenced Petitioner to fourteen concurrent life sentences followed by a mandatory consecutive sentence of 205 years' imprisonment.[5]

### c. Post-Trial Proceedings

Petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence. United States v. Muyet, 225 F.3d 647 (2d Cir. 2000). Subsequently, on October 25, 2001, Petitioner filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of both trial and appellate

---

[4] (See Exhibit B of Pet. Mot. ("Exhibit B") [Dkt. No. 64-1] at 8795-96.)
[5] See United States v. Muyet, 95 Cr. 941 (PKL) (95-cr-941 dkt. nos. 256 & 262).

3

counsel. Muyet v. United States, No. 01 CIV. 9371 (PKL), 2004 WL 1746369, at *1 (S.D.N.Y. Aug. 3, 2004). Judge Leisure denied Petitioner's motion in its entirety on August 3, 2004, and declined to grant a certificate of appealability. Id. at *12.

Petitioner then filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking a modification of the district court's denial of a certificate of appealability, which the district court denied on February 22, 2005. Muyet v. United States, No. 01 Civ. 9371 (PKL), 2005 WL 427594 (S.D.N.Y. Feb. 22, 2005). A second, similar motion to amend or alter the judgment followed, which the district court denied on June 6, 2005.[6] Petitioner moved for a certificate of appealability before the Court of Appeals, which the Court of Appeals denied.[7]

Petitioner filed a pro se motion to reopen his habeas proceedings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on October 21, 2011.[8] The motion was withdrawn on June 15, 2017, the same date he filed a motion under Federal Rule of Civil Procedure 60(d)(3) which made similar arguments to his

---

[6] (See Memorandum Order Denying Motion to Alter Judgment as to Jose Muyet [Dkt. No. 32].)
[7] (Id.)
[8] (See Motion Pursuant to Fed. R. Civ. P. 6(b) Requesting Re-Opening the Former Habeas Proceeding [Dkt. No. 5].)

previous appeals and motions.[9] On March 23, 2020, the Court denied Petitioner's Rule 60(d)(3) motion.[10]

### d. The Instant Motion

In June 2016, Petitioner filed in the Court of Appeals an application for leave to file a second or successive § 2255 motion, arguing that his § 924(c) convictions were unconstitutional.[11] The Court of Appeals stayed Petitioner's motion on July 22, 2016, pending decisions in either United States v. Hill, No. 14-3872, or United States v. Barrett, No. 14-2641.[12] In May 2020, the Court of Appeals granted Petitioner leave to file a second or successive § 2255 motion.[13]

Petitioner filed in this Court a pro se petition pursuant to 28 U.S.C. § 2255 on June 1, 2020.[14] The Government filed its opposition on July 1, 2020.[15] The Court denied Petitioner's petition on July 30, 2020, as based on Petitioner's several mandatory life sentences, even if the § 924(c) convictions were

---

[9] (See Mot. to Withrdaw Rule 60(b)(2) Mot. [dkt. no. 17] and Mot. Pursuant to Fed. R. Civ. P. 60(d)(3) to Set Aside Judgment for Fraud on the Court [dkt. no. 18].)
[10] (See Order Denying as Moot, inter alia, Mot. to Withdraw and Motion to Set Aside Judgment [Dkt. No. 46].)
[11] (See Application for Leave to File a Second or Successive Mot. to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 by a Prisoner in Federal Custody [16-2094, dkt. no. 1].)
[12] (See Mot. Order Staying Mot. to File Successive Petition [16-2094, dkt. no. 17].)
[13] (See Mot. Order Granting Mot. to File Successive Petition [16-2094, dkt. no. 49].)
[14] (See dkt. nos. 49 & 53.)
[15] (See dkt. no. 51.)

vacated it would make no difference on Petitioner's overall sentence.[16] On July 31, 2020, Petitioner's counsel (who had entered a notice of appearance in Petitioner's criminal case on July 27, 2020) wrote the Court that the life sentences on the murder in aid of racketeering counts were not mandatory.[17] On August 3, 2020, the Court vacated its denial of Petitioner's pro se § 2255 petition and ordered further briefing.[18] On November 12, 2020, Petitioner filed this Petition seeking to vacate his convictions pursuant to 28 U.S.C. § 2255(a).[19]

## II. Legal Standard

### a. Motion to Vacate

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds, inter alia, that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral

---

[16] (See dkt. no. 55.)
[17] (See dkt. no. 57. The Government had argued in its opposition that resentencing was unnecessary because the defendant was subject to mandatory life sentences. (Dkt. no. 51). Defense counsel noted that the defendant is not subject to mandatory life sentences on his § 1959(a)(1) counts as the murders that formed the basis for those counts were committed between September 18, 1991, and September 13, 1993. The version of § 1959 in effect at the time provided that the punishment was "imprisonment for any term of years or for life." In 1994, § 1959(a)(1) was amended to provide for a mandatory life sentence. (Dkt. no. 57).)
[18] (See dkt. no. 58.)
[19] (See Pet. Mot.)

6

attack." 28 U.S.C. § 2255(a). Relief under § 2255, is only available for "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (citations omitted).

### b. Concurrent Sentence Doctrine

The concurrent sentence doctrine is available in the context of a § 2255 challenge. Kassir v. United States, 3 F.4th 556, 561 (2d Cir. 2021). The concurrent sentence doctrine "'allows courts, in their discretion, to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences' since 'a ruling in the defendant's favor would not reduce the time he is required to serve or otherwise prejudice him in any way.'" Id. (citations omitted).

In Kassir, while the Court of Appeals rejected the Government's argument that § 2255 relief is never cognizable when the petitioner is serving multiple life sentences, it held "absent a showing of prejudice with respect to custody, a court proceeding under § 2255 retains discretion to decline to consider such a challenge." Id. at 567. The court, therefore, using its discretion, refused to reach the merits of petitioner's claim, as the petitioner would be serving two unchallenged life sentences regardless and as such "[n]o matter

7

the success of his argument" the court could not "shorten the time he will remain in prison". Id. at 564, 567. See also United States v. Rodriguez, No. 05-CR-960 (JPO), 2022 WL 158685, at *2 (S.D.N.Y. Jan. 18, 2022) (applying the reasoning of Kassir when declining to hear a § 2255 claim).

### c. Section 924(c)

Section 924(c) makes it a crime to possess a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (2020). The statute provides two definitions for what constitutes a "crime of violence." The first definition is known as the "force clause" (or "elements clause"),[20] which defines a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. at § 924(c)(3)(A). The second definition known as the "risk of force clause" (or the "residual clause"),[21] defines a crime of violence as a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at § 924(c)(3)(B).

---

[20] See United States v. Hill, 890 F.3d 51, 54 (2d Cir. 2018) (referring to § 924(c)(3)(A) as the "force clause").
[21] See id. (referring to § 924(c)(3)(B) as the "risk-of-force clause").

8

Following United States v. Davis, 139 S. Ct. 2319 (2019), the residual clause is no longer constitutional, as it is unconstitutionally vague. In United States v. Barrett, 937 F.3d 126, 129 (2d Cir. 2019), the Court of Appeals following Davis held "a conspiracy to commit a violent felony . . . could not alone support a conviction under the remaining [still valid] 'elements clause' of § 924(c)(3)." United States v. Heyward, 3 F.4th 75, 81 (2d Cir. 2021).

While conspiracy to commit murder is no longer a crime of violence and as such is not a valid predicate for a 924(c) conviction, "[i]t is well established that murder remains a crime of violence under § 924(c) post-Davis." United States v. Batista, No. 00 CRIM. 1181 (GBD), 2022 WL 5187458, at *2 (S.D.N.Y. Oct. 5, 2022); Stone v. United States, 37 F.4th 825, 832 (2d Cir. 2022), cert. denied, No. 22-5637, 2022 WL 16542129 (U.S. Oct. 31, 2022) ("This Court, sitting en banc in United States v. Scott, rejected this very argument.").

### d. 924(c) Conviction Based on One Valid Predicate and One Invalid Predicate

As a result of Davis and Barrett a subsequent issue arose: whether a defendant is prejudiced when his or her § 924(c) conviction could be predicated on either or both of two crimes, with jury instructions not specifying which, but only one remains a constitutionally valid predicate.

The Court of Appeals' recent decision in Stone guides this analysis. See e.g., United States v. White, No. 17 CR. 611-1 (AT), 2022 WL 16962271, at *2 (S.D.N.Y. Nov. 16, 2022); Demartino v. United States, No. 20-1758, 2022 WL 2445435, at *2 (2d Cir. July 6, 2022). Under Stone:

> in the context of a § 924(c) conviction, where a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt, [the Court] will find the error harmless when the jury would have found the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction beyond a reasonable doubt.

Stone, 37 F.4th at 831 (citation and quotation markets omitted).

The petitioner in Stone had been charged with three offenses: (1) conspiracy to commit second degree murder in aid of racketeering, (2) second degree murder in aid of racketeering, and (3) a § 924(c) charge predicated on either or both of the prior counts. See id. at 826. Rejecting petitioner's argument that it should apply the categorical approach, the court instead reviewed the whole record and asked whether a rational jury, absent the error, would have arrived at the same verdict. See id. at 831; see also Demartino, 2022 WL 2445435, at *2. Looking at the whole record, the Stone Court found "the error of instructing the jury on the now-invalid predicate was harmless to Stone because the jury found facts 'satisfying the essential elements of guilt' on the valid predicate of substantive murder in aid of racketeering 'that would [have]

10

sustain[ed] a lawful conviction' on the firearm offense." Stone, 37 F.4th at 832 (quoting United States v. Laurent, 33 F.4th 63, 86 (2d Cir. 2022).

### III. Discussion

Petitioner argues his § 924(c) convictions are unconstitutional following the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019), because the conspiracy predicates are no longer constitutionally valid.[22]

The Government does not dispute that conspiracy to commit murder is no longer a valid predicate for a § 924(c) conviction.[23] Instead, the Government argues: (1) Petitioner's claim is not cognizable under § 2255 as he is not claiming the right to be released given his unchallenged life sentences, and (2) Petitioner's § 924(c) convictions are based on several predicate offenses, including murder and attempted murder, which remain valid.[24]

#### a. Cognizability under Section 2255

The concurrent sentence doctrine applies to Petitioner. Contrary to the Government's argument, Petitioner's claim is cognizable, as Second Circuit precedent establishes a petitioner

---

[22] (Pet. Mot. at 6, 10.)
[23] (Gov't. Opp. at 6.)
[24] (Id.)

11

may raise a constitutional attack on his § 924(c) convictions, even though leaving a concurrent conviction unchallenged would mean that he is "not, technically speaking, 'claiming the right to be released.'" Grimes v. United States, 607 F.2d 6, 8-9 (2d Cir. 1979).  However, Kassir established that, absent a showing of prejudice, this Court does have the discretion to decline consider a § 2255 challenge when, as here, the Petitioner will remain in custody regardless of the outcome of the motion. Kassir, 3 F.4th 556 at 567.

Like in Kassir, applying the United States v. Vargas factors would suggest no meaningful possibility that Petitioner's challenged but unreviewed convictions will expose him to substantial risk of adverse collateral consequences. 615 F.2d 952, 959-60 (2d Cir. 1980) (on direct appeal from a conviction, outlining a five-factor test for deciding whether to apply the concurrent sentence doctrine). First, parole is inapplicable in the federal system. Because he holds a life sentence, it is also highly unlikely that: Petitioner might face the prospect of an increased sentence under a recidivist statute for a future offense; that the challenged convictions will ever be used to impeach his character at a trial; or that his pardon chances would increase from vacation of these convictions. Moreover, any societal stigma from his gun convictions would be relatively small compared to the stigma from his murder

12

convictions. Accordingly, because even a successful challenge on the merits would afford Petitioner no reasonable prospect of a shorter time in custody, this Court exercises its discretion not to reach the merits of Petitioner's claim under 28 U.S.C. § 2255.

### b. Section 924(c) Conviction Predicated on Either Conspiracy to Murder or Substantive Murder or Both

Even if this Court reached the merits of the claim, it is likely the claim would still be denied, based on Stone. Here, identical to Stone, Petitioner's § 924(c) convictions could have been based on either or both a valid predicate and invalid predicate that are closely related, specifically conspiracy to commit murder and substantive murder or attempted murder. Based on the similarity of the cases, it is likely as in Stone that Petitioner's motion would be denied on the merits.

### IV. Appealability

Petitioner also seeks a certificate of appealability ("COA").[25]

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

---

[25] (Pet. Reply at 7.)

13

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court of Appeals' precedent in Kassir and Stone is quite clear, directly on point, and has been applied similarly by other district judges. Thus, jurists of reason should not find it debatable whether the petition states a valid claim or whether the Court is correct in its procedural ruling. Accordingly, Petitioner's motion for a COA is denied.

### V. Conclusion

For the reasons set out above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 64) is DENIED. Petitioner's motion for a certificate of appealability is also DENIED.

The Clerk of the Court is directed to close the open motions (dkt no. 64) and close case number 01-cv-9371. The Clerk of the Court is further directed to mail a copy of this order to Mr. Muyet.

**SO ORDERED.**

Dated:  January 12, 2023
        New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge